UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHARLES E. JUSTISE, SR.,

    Petitioner,

v.   CAUSE NO.: 3:24-CV-477-GSL-JEM

WARDEN,

    Respondent.

## OPINION AND ORDER

Charles E. Justise, Sr., a prisoner without a lawyer, filed a habeas corpus petition challenging a prison disciplinary proceeding (NCF 23-00010-1185) in which he was found guilty of "threatening." (ECF 2.) The Warden has filed a response arguing that the petition should be denied. (ECF 7.) Justise filed a traverse in support of his petition. (ECF 8.) For the reasons stated below, the petition is denied.

## BACKGROUND

On September 29, 2023, Correctional Officer D. Pierce confiscated some family photos and other property during a search of Justise's cell. (ECF 7-6.) In mid-October 2023, Internal Affairs Investigator D. Powell intercepted electronic messages Justise was sending to family members in which he expressed anger about the confiscation of his photos and stated in pertinent part:

> I am getting beyond tired of these people at this facility. . . They have me considering throwing my life away by taking the life of one of theirs to send a strong and powerful message that needs to be sent. . . . I am pissed off. I have strongly considered leaving RHU just to stab this B in her neck and kill her. She wants to [be] petty and deny me from seeing my family, I

> should be equally as petty and deny her family from seeing her … It would be easy and i think a message needs to be sent to stop harassing the inmates. I don't really care what happens after that. . . .
>
> Murdering this tramp will get me everything i want … if i don't get the photos back, i think i need to send the message… dont worry, i am nt going to do anything right now … this B has done everything wrong, and deserving of brutality, though no one would want to rape her, she still marches around here untouched. Its not fair and i feel like i need to deliver justice. . . .There is a small chance I will get [the photos] back without a lawsuit which means I won't have to kill this B.

(ECF 7-2; ECF 7-3; ECF 7-4) (errors in original). Around this same time, Justise submitted a written request asking that the photos confiscated by Officer Pierce be returned to him.[1] (ECF 7-7.)

Investigator Powell wrote a conduct on October 19, 2023, charging Justise with "threatening" in violation of the disciplinary code. (ECF 7-1.) The conduct report quoted at length from Justise's messages. (*Id.*) On October 20, 2023, Justise was formally notified of the charge and was given a copy of the conduct report. (ECF 7-1; ECF 7-8.) He pled not guilty and declined the assistance of a lay advocate. (ECF 7-8.) He did not request any witnesses but requested the messages as evidence. (*Id.*)

On October 30, 2023, a hearing was held on the charge. (ECF 7-10.) Justise pled not guilty and made the following statement in his defense: "Spoke with mental health they advised me not to keep thoughts bottled up. I made no threats." (*Id.*) After considering the messages, Justise's statement at the hearing, the conduct report, and the

---

[1] It can be discerned the property was confiscated because prison staff determined Justise had "excess" property in his cell in violation of policy. Officer Pierce confiscated some 600 photos, an "art board," bowls, and other items. (ECF 7-6 at 1.)

2

staff reports regarding the confiscated items, the hearing officer found Justise guilty and imposed a sanction of 90 days lost earned credit time.[2] (*Id.*) Justise pursued relief through the administrative appeal process, but his appeal was denied. (ECF 7-12; ECF 7-13; ECF 7-14.)

## ANALYSIS

When prisoners lose earned credit time in a disciplinary proceeding, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) at least 24 hours advance written notice of the charge; (2) an opportunity to be heard by an impartial decisionmaker; (3) an opportunity to call witnesses and present documentary evidence consistent with institutional safety and correctional goals; and (4) a written statement by the decisionmaker of the evidence relied on and the reasons for the decision. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy Due Process, there also must be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Justise asserts one claim in his petition: that there was insufficient evidence of his guilt. (ECF 2.) The some evidence test "is a lenient standard, requiring no more than a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (citations and internal quotation marks omitted). "Even 'meager' proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id.* (citation and internal quotation marks

---

[2] Justise also had a suspended sanction imposed from another disciplinary case as a result of the guilty finding. (ECF 7-10.)

omitted). A conduct report alone can be sufficient evidence to support a finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). So can circumstantial evidence. *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). It is not the province of a federal habeas court to reweigh the evidence to make its own determination of guilt or innocence. *Webb*, 224 F.3d at 652. Rather, the only question is whether there is some evidence to support the hearing officer's determination. *Id.*

Justise was found guilty of "threatening," defined by the disciplinary code in pertinent part as "[c]ommunicating to another person an intent to physically harm, harass or intimidate that person or someone else." (ECF 7-16 at 213.) Justise does not dispute that he wrote the messages in question, that the "B" in his messages referred to Officer Pierce, or that he was angry about her confiscation of his photos. (ECF 1; ECF 8.) Rather, he argues that nothing in the messages amounted to "threatening" within the meaning of the disciplinary code.

If he is arguing that the messages couldn't amount to a threat because they were not made directly to Officer Pierce, this is incorrect. The disciplinary code expressly encompasses statements made to "someone else." (ECF 12-3.) He suggests that the messages could not be threatening because they do not convey a current intent to cause Officer Pierce harm. He points out that at times he stated that he was not going to act on his feelings at that moment. (ECF 8.) This may be true, but when he sent these messages he was still trying to get the photos back through administrative channels. The crux of his message was that if he did not get his photos back through the administrative process, he was going to stab Officer Pierce to send a "strong and powerful lesson."

4

This is enough to convey an intent to harm her. *See Scroggin v. Warden*, No. 3:19-CV-531-DRL-MGG, 2020 WL 8674010, at *2 (N.D. Ind. July 30, 2020) (petitioner was properly found guilty of threatening where his statement could "be understood to imply that when [he] gets released from prison, he intended to find Officer Miller and set fire to his property or cause him injury").

The question is not whether Justise's statements might be open to another interpretation: It is whether the hearing officer's interpretation is supported by some evidence. *Webb*, 224 F.3d at 652. In his messages, Justise stated in a number of ways that he wanted to hurt or kill Officer Pierce to punish her for taking his photos, and that it would be easy for him to do so. There is some evidence in the record to support the hearing officer's finding of guilt. If he is arguing that he was justified in making these statements because a mental health provider told him "not to keep [his] thoughts bottled up," his argument is unavailing. "Justification" is not a recognized defense in the prison disciplinary context. *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007).

For these reasons, the court DENIES the petition (ECF 2), and DIRECTS the clerk to close this case.

SO ORDERED on December 18, 2024

/s/Gretchen S. Lund  
JUDGE  
UNITED STATES DISTRICT COURT

5